## AMERICAN SOLID LEATHER BUTTON CO. *v.* EMPIRE STATE NAIL CO.

*(Circuit Court, S. D. New York. April 22, 1892.)*

PROCESS PATENT—BILL FOR INFRINGEMENT—DEMURRER.

> A bill which sets forth a patent for a "process" of making furniture nails, and then alleges that defendant, "in infringement of the aforesaid letters patent," did wrongfully "make, use, and vend to others to be used, furniture nails embracing the improvement set forth and claimed" in said patent, is demurrable for want of a sufficient allegation of infringement of the process.

In Equity. Suit for infringement of letters patent No. 270,239, issued January 9, 1883, to J. Wilson McCrillis, for an "improvement in the process of manufacturing furniture nails and analogous articles." Heard on demurrer to the bill. Demurrer sustained.

The bill, after alleging the issuance of the patent, averred "that defendant, well knowing the premises and the rights" secured to your orator as aforesaid, but contriving to injure your orator, and to deprive it of the benefits and advantages which might and otherwise would accrue from said inventions, * * * did, * * * in violation of its rights, and in infringement of the aforesaid letters patent No. 270,-239, unlawfully and wrongfully, and in defiance of the rights of your orator, make, use, and vend to others to be used, furniture nails embracing * * * the improvement set forth and claimed in the aforesaid letters patent No. 270,239." The bill prays that the defendant may be compelled to account for and pay to your orator the income thus unlawfully derived from the violation of the rights of your orator,

as above, as well as the damages therefor, and be restrained from any further violation of said rights. "Your orator prays that your honors may grant the writ of injunction restraining the defendant  *  *  * from any construction, sale, or use in any manner of  *  *  * furniture nails,  *  *  * in violation of the rights of your orator, as aforesaid,  *  *  * and also that your honors  *  *  * may assess, in addition to the gains and profit,  *  *  * the damages your orator has sustained by reason of said infringement." The bill contains a prayer for all other relief that it may be righteous, in the premises, to administer.

*Witter & Kenyon,* (*Alan D. Kenyon,* of counsel,) in support of the demurrer.

The patent is for a process of manufacturing furniture nails. Nowhere is it alleged in the bill that the defendant uses or has used this process. The bill simply alleges that defendant has made, used, and sold certain furniture nails. The patent being for a process, and not for a product, the use or sale of the product (furniture nails) is, of course, not an infringement. *Merrill* v. *Yeomans,* 94 U. S. 568–574; *Ditmar* v. *Rix,* 1 Fed. Rep. 342.

Nor is the making of furniture nails, even of exactly the same kind as that made by the patented process, unless all the steps of the process are used. *Hammerschlag* v. *Garrett,* 10 Fed. Rep. 479; *Dittmar* v. *Rix,* 1 Fed. Rep. 342; *Fermentation Co.* v. *Maus,* 20 Fed. Rep. 725.

*Rowland Cox,* opposed.

A general charge of infringement is sufficient. *McCoy* v. *Nelson,* 121 U. S. 486, 7 Sup. Ct. Rep. 1000; *American Bell Tel. Co.* v. *Southern Tel. Co.,* 34 Fed. Rep. 804. In the latter case, there was a general charge of infringement of a patent "covering both a process and an apparatus." The court overruled the demurrer, citing numerous cases, (which see,) including *McCoy* v. *Nelson, supra.* In *Haven* v. *Brown,* 6 Fish. Pat. Cas. 414, Mr. Justice SWAYNE states the rule as follows: "The bill merely declares  *  *  * that the patent is for an improvement in bedstead fastenings, and in the same general terms it alleges infringement." He then proceeds to say that "upon the general principles of equity pleading the bill would be bad;" but he overruled the demurrer, adding: "The form of the bill in the present case rests upon a foundation too deep to be disturbed. We therefore feel bound to hold that the demurrer must, on authority, though not on principle, be overruled." In numerous other cases the same doctrine is referred to as one that cannot be disturbed. 3 Rob. Pat. p. 430.

If there were here any doubt, it would be cured by the profert of the patent plus the allegation that it has been infringed.

WALLACE, Circuit Judge. The demurrer is sustained because the bill does not contain any sufficient averment of infringement by the defendant of the process of complainant's patent. Bill may be amended upon payment of costs.